**Docket No: 24-7282**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

Appeal No: 24-7282

KARLY RIDINGS,
*Plaintiff-Appellant,*

v.

PEACEHEALTH,
*Defendant-Appellee.*

APPEAL FROM A DECISION OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, CASE NO. 6:23-cv-01514-MC

## APPELLANT'S OPENING BRIEF

PAUL JANZEN, ESQ. (OSB #176240)
RUGGED LAW, INC.
5201 SW Westgate Dr.
Bldg. B Ste 300
Portland, Oregon 97221
*Attorney for Plaintiff-Appellant*

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................ i
**TABLE OF AUTHORITIES** ........................................................................ ii
**STATEMENT OF THE CASE** ........................................................................ 1
**Nature of Proceeding & Relief Sought** ........................................................ 1
**Nature of Decision to Be Reviewed** ........................................................... 1
**Statutory Basis for Appellate Jurisdiction** ................................................. 1
**Notice of Appeal; Effective Date for Appellate Purposes** ............................... 1
**Question Presented** ............................................................................... 1
**Summary of the Argument** ........................................................................ 2
**Statement of Facts and Procedural History** ................................................. 3
**Legal Standard** ..................................................................................... 5
**LEGAL ARGUMENT** ........................................**Error! Bookmark not defined.**

**A. The District Court Erred In Granting Defendant's Motion to Dismiss The Plaintiff's Complaint For Failure To State Facts Sufficient To Support Claims For Discrimination Under Title VII And O.R.S 659A.030**.........7

1. ***Plaintiff Pleaded The Elements Of A Prima Facie Case For Failure To Accommodate Religious Discrimination Claims Under Title VII***.........7
2. ***The District Court Imposed An Impermissibly High Burden On Plaintiff To Describe The Conflict Between Plaintiff's Sincerely Held Religious Beliefs And Employment Policy In Question***..............................13
3. ***The Current Trajectory Of Cases Supports A Finding That Title VII Should Be Interpreted More Expansively, Rather Than Less So***.........18

**CONCLUSION** ......................................................................................... 24

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,

556 U.S. 662 (2009)……………………………………..……………..……………...5

*Adeyeye v. Heartland Sweeteners, LLC*,

721 F.3d 444, 450 (7th Cir. 2013)…………………………………………...8

*Barnett v. Inova Health Care Servs.*,

125 F.4th 465 (4th Cir 2025)……………………………………………..10

*Bazinet v. Beth Israel Lahey Health, Inc.*,

113 F.4th 9 (1st Cir. 2024)………………………………………………..12

*Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007)…………………………..……………………..…………........5, 6

*Bird et al. v. Dr. Alanson M. Randol, D.D.S., PC*,

D. Ore. Case No.6:23-CV-01678-MC (Dkt. Rpt. No. 8)…………………………16

*Bolden-Hardge v. Office of the Cal. State Controller*,

63 F.4th 1215, 1223 (9th Cir. 2023)………………………………………8

*Burwell v. Hobby Lobby Stores, Inc.*,

573 U.S. 682 (2014)…………………………………………………………10

*Dawson v. Entek Int'l*,

630 F.3d 928, 934 (9th Cir. 2011)………………………………………….7

*Does 1-11 v. Board of Regents of University of Colorado*,

100 F.4th 1251 (10th Cir. 2024)…………………………………………..20

*Doe v. San Diego Unified Sch. Dist.*,

19 F.4th 1173 (9th Cir. 2021)……………………………………………...9

*E.E.O.C. v. American Federation of State, County and Mun. Employees, AFL–CIO*,

937 F.Supp. 166 (N.D.N.Y.1996)………………………………………..11

*EEOC v. Sears, Roebuck Co.*,

417 F.3d 789 (7th Cir. 2005)……………………………………………….13

*E.E.O.C. v. Unión Independiente de la Autoridad*,

279 F.3d 49, 56 (1st Cir. 2002)……………………………………………..10

*E.E.O.C v. University of Detroit*,

904 F.2d 331 (6th Cir.1990)………………………………………………...11

*Finkbeiner v. Geisinger Clinic*,

623 F. Supp. 3d 458 (M.D. Pa. 2022)……………………….……………..8

*Folin v. Asante*,

1:23-cv-01389-AA (D. Or. June 20, 2024)……………………………….16

*Heller v. EBB Auto Co.*,

8 F.3d 1433 (9th Cir. 1993)………………………………………………..9

*Henderson v. Jantzen, Inc.*,

79 Or.App. 654 (1986)……………………………………………………….7

*Kather v. Asante Health Sys.*,

1:22-cv-01842-MC (D. Or. July 28, 2023)……………………………….16

*Keene v. City of San Francisco*,

No. 22-16567 (9th Cir. May 15, 2023)………………………………*passim*

*Khoja v. Orexigen Therapeutics, Inc.*,

899 F.3d 988 (9th Cir. 2018)………………………………………………..14

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*

519 F.3d 1025 (9th Cir. 2008)…………………………………..…………….6

*Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n,*

138 S Ct 1719 (2018)………………………...……………………………...9, 23

*Menges v. Blagojevich*,

451 F.Supp.2d, 992 (C.D. Ill. 2006)………………………………………..11

*Newcal Indus. v. Ikon Of ice Solution*,

513 F.3d 1038 (9th Cir. 2008)…………………………………………..…….6

*Passarella v. Aspirus, Inc.*,

108 F.4th 1005 (7th Cir. 2024)……………………………………………..10

*Peterson v. Hewlett-Packard Co.*,

358 F.3d 599 (9th Cir. 2004)………………………………………..…………7

*Quinn v. Legacy Health*,

3:23-cv-00331-JR (D. Or. June 16, 2023)……………………………........16, 22

*Rainey v. Westminster Pub. Schs.*,

Civil Action 22-cv-03166-RMR-KAS (D. Colo. Jul. 7, 2024)…….………...20, 21

*Redmond v. GAF Corp.*,

574 F.2d 897 (7th Cir. 1978)……………………………………………….12

*Ringhofer v. Mayo Clinic, Ambulance*,

No. 23-2994 (8th Cir. May 24, 2024)……………………….……………..14, 19

*San Pedro Hotel Co., Inc. v. City of Los Angeles*,

159 F.3d 470, 477 (9th Cir.1998)……………………………………………6

*Shafer v. Legacy Health*,

No. 3:23-cv-01543-HZ, 2024 WL 1932544 (D. Or. May 2, 2024)………...18

*Starr v. Baca,*

652 F.3d 1202 (9th Cir.2011)…...…………………………..……..............5

*Stephens v. Legacy-Gohealth Urgent Care*,

No. 3:23-cv-00206-SB, 2023 WL 7612395, (D. Or. Oct. 23, 2023)………17

*Sturgill v. Am. Red Cross*,

114 F.4th 803, 810 (6th Cir. 2024)…………………………………….10

*Thomas v. Review Bd. of Ind. Employment Sec. Div.*,

450 U.S. 707 (1981)…………………………………………..........9,10,19,23

*Thompson et al. v. Asante Health System*,

D. Ore. Case No. 1:23-CV-00486-CL (Dkt. Rpt. No.25)………………...………16

*Thornton v. Ipsen Biopharmaceuticals, Inc.*,

126 F.4th 76 (1st Cir. 2025)…………………………………………………10

*Trinh v. Shriners Hosps. for Children*,

No. 3:22-cv-01999-SB, 2023 WL 7525228, (D. Or. Oct. 23, 2023)……….18

*Web Joist Nw. Corp. v. Redbuilt LLC*,

No. C18-5122RBL (W.D. Wash. May 22, 2018)……………………………6

*Welch v. Or. Health*,

No. 3:23-cv-01231-SB (D. Or. May 17, 2024)……………………………..18

*White v. Columbia Sportswear Company*,

No. 3:24-cv-00006-SB (F&R, D. Or. Oct. 28, 2024)………………………22

*Whittlestone, Inc. v. Handi-Craft Co.*,

618 F.3d 970 (9th Cir. 2010)…………………………………………………...6

*United States v. Meyers*,

906 F. Supp. 1494 (D. Wyo. 1995), aff'd, 95 F3d 1475 (10th Cir 1996)…...11

*Xodus v. Wackenhut Corp.*,

619 F3d 683(7th Cir 2010)……………………………………………………13

**STATUTES AND ORDINANCES**

28 U.S.C § 1291……………………………………………………………………...1

Fed. R. Civ. Pro. 8(a)(2)…………………………………………………….……..5

Fed. R. Civ. Pro. 12(b)(6)…………………………………………………………*passim*

O.R.S. 659A.030…………………………………………….………………………1

Title VII of the Civil Rights Act of 1964……………………………………...…*passim*

# STATEMENT OF THE CASE

## Nature of Proceeding & Relief Sought

Appellant Karly Ridings ("Plaintiff/Appellant") files this appeal for review the Order and Opinion of the District Court of Oregon, Portland Division, granting Defendant's ("Defendant/Appellee") Motion to Dismiss on November 4, 2024. Appellant respectfully requests this Court reverse the District Court's decision and remand the matter for further proceedings.

## Nature of Decision to Be Reviewed

The District Court made and entered its Opinion and Order Granting Defendant PeaceHealth's Motion to Dismiss on November 4, 2024.

## Statutory Basis for Appellate Jurisdiction

This Court has appellate jurisdiction over this matter under 28 U.S.C § 1291.

## Notice of Appeal; Effective Date for Appellate Purposes

The District Court entered its decision on November 4, 2024. Appellant timely filed her Notice of Appeal on November 27, 2024.

## Issues Presented for Review

1. Whether the District Court of Oregon erred when it granted the Defendant's Motion to Dismiss the Plaintiff's Complaint for failure to allege a Title VII or O.R.S. 659A.030 claim.

## **Summary of the Argument**

This appeal is part of the broader and expansive COVID-19 vaccine mandate litigation that has swept the nation. At the core of this case is the question of what facts plaintiffs must allege to make a *prima facie* case for failure-to-accommodate religious discrimination claims under Title VII and its Oregon analog. This case represents an opportunity for this Court to clarify that Title VII should be interpreted as more expansively protective of religious liberty, rather than less, and that neither defendants nor District Courts should unnecessarily scrutinize plaintiffs' sincerely held religious beliefs that conflict with employment requirements.

This Court should reverse the District Court's decision because the District Court erred when it granted the Defendant's Motion to Dismiss. Contrary to the District Court's analysis, Plaintiff-Appellate sufficiently pleaded facts establishing a *prima facie* case under Title VII or ORS 659A.030 claims by clearly articulating her sincerely held religious beliefs and their connection to why she could not comply with the vaccine mandate.

In granting the Motion, the District Court ignored well-established law regarding minimal pleading standards and exceeded the established bounds of Title VII to scrutinize religious practices. In essence, the District Court expected the Plaintiff to explain her religious conflict with the vaccine mandate with the precision of a religious cleric. But Title VII neither expects nor requires plaintiffs to articulate

perfectly how their sincerely held religious beliefs conflict with a job obligation, but rather simply put their employers on notice. In this case, the Plaintiff's Complaint and vaccine exemption request (which was before by the District Court as an exhibit to counsel's Declaration, ER 49-52) provided an extensive explanation as to the origin and expression of her religious beliefs regarding maintenance of her health, God's protection, and why taking the vaccine would impermissibly stray from her belief system, including her pro-life beliefs directly connected to the aborted fetal cells used to develop the vaccine.

If allowed to stand, the District Court's interpretation of Title VII will have significant negative implications for the religious rights and freedoms that Title VII is designed to protect. Accordingly, the Plaintiff-Appellant respectfully asks this Court to find that the District Court erred when it granted the Motion to Dismiss.

## Statement of Facts and Procedural History

The facts below are those contained in the Complaint. Plaintiff-Appellate (herein "Plaintiff" or "Plaintiff-Appellate") worked for Defendant-Appellee (herein "Defendant" or "Defendant-Appellee") for approximately three years as a registered nurse for Defendant. ER 21, ¶ 4. During those years, Plaintiff worked on the Mother/Baby unit and was trained to take on other roles, including as a Charge Nurse. *Id*. Plaintiff was a committed employee and despite the pandemic, worked consistently while having a baby at home, and was pregnant at the time she was

placed on unpaid leave. *Id*. Plaintiff received exclusively positive performance reviews and her patients nominated her for a Daisy Award, which is given to "extraordinary" nurses. *Id*. Plaintiff is also a devoutly religious member of the Christian faith who endeavors at all times to follow the teachings of Christ. ER 22, ¶ 6.

In the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate. *Id*. at ¶ 10. Plaintiff, as a devout Christian, did not believe it was consistent with her faith to take the vaccine. *Id*. Accordingly, Plaintiff applied for a religious exception to the vaccine mandate on or about August 27, 2021. *Id*. Plaintiff's exception was granted, but instead of providing accommodations to allow her to continue to work, Defendant placed her on indefinite unpaid leave. ER 23, ¶ 10.

On October 16, 2023, Plaintiff filed her Complaint against Defendant, seeking damages, attorney's fees, and costs. ER 20-28. She has alleged that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to e-17. *Id.*

The Defendant moved to dismiss the Complaint on January 2, 2024. ER 29. The Magistrate Judge issued Findings and Recommendation on April 5, 2024 recommending the District Judge deny the Motion to Dismiss. ER 3-10. The F&R were referred to District Judge Ann Aiken on April 8, 2024. ER 12.

The District Court rejected the Magistrate Judge's F&R and dismissed Plaintiff's Complaint on November 4, 2024. ER 14-19. The Plaintiff filed her Notice of Appeal on November 27, 2024. ER 66.

**Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). This Court has held that a complaint's allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Supreme Court has further stated that courts should determine plausibility depending on context based on a courts judicial experience and common sense. *Iqbal*, 556 U.S. 679.

As such, the established standard under FRCP 8(a)(2) is that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678, 679. Accordingly, the rule does not require "detailed factual allegations" to meet the required pleading standard. *Twombly*, 550 U.S. at 555. Similarly, the Supreme Court has rejected the notion that Rule 8 imposes

the obligation on a plaintiff to demonstrate that its claim is likely to succeed, or that a court evaluating a motion to dismiss should inquire into the veracity of the plaintiff's well-pleaded factual allegations. *Web Joist Nw. Corp. v. Redbuilt LLC*, No. C18-5122RBL (W.D. Wash. May 22, 2018), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555.

For purposes of analysis for dismissal, this Court has followed the Supreme Court's lead laid out in the *Iqbal* decision and restated the framework outlined therein. First, a reviewing court must accept the factual allegations contained in a complaint as true. Secondly, the court must construe pleadings in light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). In this regard, a reviewing court must draw all reasonable inferences from the facts alleged in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008).

**Standard of Review**

This Court's standard of review for the District Court's decision to grant Defendant's Motion to Dismiss under FRCP 12(b)(6) is *de novo*. *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir.1998); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

## Legal Argument

### A. The District Court Erred In Granting Defendant's Motion to Dismiss The Plaintiff's Complaint For Failure To State Facts Sufficient To Support Claims For Discrimination Under Title VII And O.R.S 659A.030.[1]

#### *1. Plaintiff Pleaded The Elements Of A Prima Facie Case For Failure To Accommodate Religious Discrimination Claims Under Title VII.*

Religion is defined broadly under Title VII. The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's religious observance or practice without undue hardship on the conduct of the employer's business. 42 U.S.C. § 2000e(j). To establish a *prima facie* case of religious discrimination based on a defendant's failure to accommodate, a plaintiff must demonstrate that: (1) she "had a bona fide religious belief, the practice of which conflicted with an employment duty"; (2) she "informed [her] employer of the belief and conflict"; and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [her] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 606 (9th Cir. 2004).

[1] ORS § 659A.030 provides that it is an unlawful employment practice for an employer to discriminate against an individual in the terms and conditions of employment because of a person's race or religion, among other things. ORS § 659A.030(1)(a). Claims brought under this statute are analyzed under the same framework as claims brought under Title VII: by applying the McDonnell-Douglas burden shifting framework. *See Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011); *Henderson v. Jantzen, Inc*., 79 Or.App. 654, 657 (1986).

Significantly, "Plaintiffs are not required to establish each element to survive a motion to dismiss; they must simply "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [their] claims." *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (citing *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 789 (3d Cir. 2016).

"Title VII is a remedial statute employ[ed] liberally in favor of employee protection." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 450 (7th Cir. 2013). Moreover, plaintiffs should not be penalized for not articulating their religious beliefs with perfect clarity and precision. *See Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). Only if an employee's religious exception request is so insufficiently clear that it does not alert the employer that the request is motivated by a religious belief should the Court find fault with the employee and dismiss the claim.

Moreover, Title VII does not require a plaintiff to demonstrate a precise or objectively rational connection between her belief system and the conflict with her workplace requirements. *Keene v. City of San Francisco*, No. 22-16567, at *5 (9th Cir. May 15, 2023) ("A religious belief need not be consistent or rational to be protected under Title VII[.]"). Title VII does not require that an employee provide extensive notice; it requires "only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the

employee's religious practices and the employer's job requirements…Any greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence." *Heller v. EBB Auto Co*., 8 F.3d 1433, 1439 (9th Cir. 1993) (Plaintiff's notice to employer was satisfactory where employer knew Plaintiff was Jewish, his wife was studying for conversion and that he need time off to go to a ceremony).

Because a religious belief need not be consistent or rational to be protected under Title VII, an assertion of a sincere religious belief should be generally accepted. *Keene v. City of San Francisco*, No. 22-16567, at *5-6 (citing to *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981) ("[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection."); *Doe v. San Diego Unified Sch. Dist*., 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S.Ct. 1719, 1731 (2018)), recons. en banc denied, 22 F.4th 1099 (9th Cir. 2022); EEOC Guidance, § 12-I(A)(2) ("[T]he sincerity of an employee's stated religious belief is usually not in dispute and is generally presumed or easily established."

The Ninth Circuit has explained that "[t]he Supreme Court has, albeit in the free exercise context, cautioned against second-guessing the reasonableness of an individual's assertion that a requirement burdens her religious beliefs, emphasizing that a court's 'narrow function . . . in this context is to determine whether the line drawn reflects an honest conviction.'" *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014)). The Ninth Circuit also explained that although "[t]his principle does not mean that courts must take plaintiffs' conclusory assertions of violations of their religious beliefs at face value[,] . . . [a Title VII plaintiff's] burden to allege a conflict with religious beliefs is fairly minimal." *Id.* (citation omitted) (citing *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)). Other Circuit Courts have agreed. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024); *Sturgill v. Am. Red Cross*, 114 F.4th 803, 810 (6th Cir. 2024); *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76 (1st Cir. 2025); *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 470-71 (4th Cir 2025).

Further, nothing in Title VII prohibits an individual having both a philosophical **and** religious objection to an employment requirement. *E.E.O.C. v. Unión Independiente de la Autoridad*, 279 F.3d 49, 56 (1st Cir. 2002) ("Title VII's capacious definition of "religion" includes "all aspects of religious observance and practice, as well as belief. . . ." 42 U.S.C. § 2000e(j); see also 29 C.F.R. § 1605.1

("[R]eligious practices . . . include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views."). "Religious beliefs often address fundamental questions about life, purpose, and death." *United States v. Meyers*, 906 F. Supp. 1494, 1502 (D. Wyo. 1995), aff'd, 95 F3d 1475 (10th Cir 1996) ("[I]f there is any doubt about whether a particular set of beliefs constitutes a religion, the Court will err on the side of freedom and find that the beliefs are a religion. In a country whose founders were animated in large part by a desire for religious liberty, to do otherwise would ignore a venerable (albeit checkered) history of freedom and tolerance." *Id. at* 1499). "Title VII claims for religious discrimination are cognizable for topics which overlap both the religious and political spectrum, such as abortion, as long as the claims are based on a plaintiff's bona fide religious belief. *Menges v. Blagojevich*, 451 F.Supp.2d, 992, 1003 (C.D. Ill. 2006) (finding pharmacists stated a claim under Title VII for religious discrimination based on their religious opposition to abortion and emergency contraceptives); *E.E.O.C v. University of Detroit*, 904 F.2d 331 (6th Cir.1990) (finding a professor's claim valid where professor alleged religious discrimination in violation of Title VII when professor's union required payment of an agency fee which went to an organization that supported abortion); *E.E.O.C. v. American Federation of State, County and Mun. Employees, AFL–CIO*, 937 F.Supp. 166 (N.D.N.Y.1996) (finding employee stated a claim for religious discrimination under

Title VII when employee's union required payment of an agency fee which went to an organization that supported the death penalty and abortion and the employee's religious beliefs did not support those issues). Recent cases from other Circuit Courts confirm this view. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024) ("[Section 2000e(j)'s] standard is not amenable to formulaic resolution like solving a math equation. . . . [T]he controlling inquiry at the pleading stage [is] whether the employee plausibly based her vaccination exemption request at least in part on an aspect of her religious belief or practice…An employee may object to an employer's vaccine mandate on both religious and non-religious grounds—for example, on the view that receiving the vaccine would violate a religious belief and implicate health and safety concerns."); *Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 17 (1st Cir. 2024) ("[A]s the Eighth Circuit recognized, the mere fact that there is 'overlap between a religious and political view does not [necessarily] place [the view] outside the scope of Title VII's religious protections.' Thus, '[i]f an accommodation request can be read on its face as plausibly based in part on an aspect of the plaintiff-employee's religious belief or practice, that is enough to survive a motion to dismiss.' That is the situation here.") (internal citations omitted).

Indeed, Title VII requires only that an employee give fair notice of religious practices that might interfere with her employment. *Redmond v. GAF Corp.*, 574 F.2d 897, 902 (7th Cir. 1978). On the other hand, an employer cannot "shield itself

from liability by . . . intentionally remaining in the dark." *EEOC v. Sears, Roebuck Co*., 417 F.3d 789, 804 (7th Cir. 2005); *Xodus v. Wackenhut Corp.*, 619 F3d 683, 686 (7th Cir 2010). Title VII does not require that an employee provide extensive notice; it requires "only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements…Any greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence. *Heller v. EBB Auto Co.*, 8 F3d 1433, 1439 (9th Cir 1993) (Plaintiff's notice to employer was satisfactory where employer knew Plaintiff was Jewish, his wife was studying for conversion and that he need time off to go to a ceremony).

It is clear that, increasingly, courts are erring on the side of reading Title VII as broadly protective of religious liberty. This fatally undercuts the District Court's findings.

***2. The District Court Imposed An Impermissibly High Burden On Plaintiff To Describe The Conflict Between Plaintiff's Sincerely Held Religious Beliefs And Employment Policy In Question.***

The District Court erred when it granted the Defendant's Motion to Dismiss. As a preliminary matter, it is important to understand in full Plaintiff's lengthy and detailed description of her faith and its impact on her decision to seek an exemption from the vaccine mandate. As articulated in the Plaintiff's exemption request, which

was made part of the record through Plaintiff's counsel's Declaration in Support of Response to Motion to Dismiss (ER 49-52)[2], she informed the Defendant thusly:

> I must honor and protect my body, my temple. This includes declining a vaccine that has been shown potential to cause bodily harm…"Don't you know that you are God's temple and that God's spirit lives in you? So if anyone destroys God's temple, God will destroy him. For God's temple is holy, and you yourselves are that temple." -1 Corinthians 3:16…I will not willingly introduce something that has potential, large or small, to harm or kill my body or children. I have vowed to love, care for, and protect my children in the best way that I know..."For you created my inmost being; you knit me together in my mother's womb. I praise you because I am fearfully and wonderfully made; your works are wonderful, I know that full well." -Psalm 139:13-14…"Behold, children are a heritage from the Lord, the fruit of the womb a reward."-Psalm 127:3…Though the aborted fetal cells used to create vaccinations in the 1970s and 1980s may be far removed from today's vaccine, they still originate from those aborted children. The practice of using an aborted child's body for science against his will violates my religious conscience…"Before I formed you in the womb I knew you, and before you were born I consecrated you" -Jeremiah 1:5…With so many uncertainties surrounding the safety of the vaccine, I can stand firm in my faith, trust in my God, and take steps to support my natural God-given immune system…"It is better to take refuge in the Lord than to trust in man." -Psalm 118:8…"I am the resurrection and the life. He who believes in me, yet though he die, yet he shall live. And whoever lives and believes in me shall never die." -John 11:25…As a holistic nurse (I am a member of OHNA, AHNA, a Riverbend Selfcare for Healthcare Champion, and work with the community in a holistic capacity) I understand there are many roads to healing and we must

[2] This Court has made clear that District Courts can consider documents incorporated by reference in the Complaint in the context of a Motion to Dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). It is not entirely clear whether Judge Aiken considered the Plaintiff's exemption request, but nor is it clear that she did not. It was appropriate for Plaintiff to assume the Court had considered counsel's Declaration and attached exhibit (ER 49-52); thus amending the Complaint would have been futile because the District Court had already considered the substance of the exemption request and rejected it as "too conclusory."

> seek our own path. A holistic nurse prioritizes harmony and health in the body, mind, emotions, AND Spirit (for me this is God, who dwells within me, in my temple). At home, in the community, and at work, I live this practice and help promote it in others. ER 51-52.

As is clear from her exemption request, Plaintiff's faith is directly tied to what she puts into her body. *Id*. Moreover, Plaintiff made abundantly clear that her Christian-based pro-life beliefs are in direct conflict with her belief that the vaccine was derived in part from using aborted fetal tissue. As she wrote, "[t]hough the aborted fetal cells used to create vaccinations in the 1970s and 1980s may be far removed from today's vaccine, they still originate from those aborted children. The practice of using an aborted child's body for science against his will violates my religious conscience." ER 52.

The District Court effectively ignored the Plaintiff's statements. In its Opinion and Order, the District Court held in relevant part:

> Here, the Court finds that Plaintiff failed to provide nonconclusory allegations concerning the religious nature of their objection to the vaccine mandate and a conflict between those religious beliefs and the vaccine mandate. At this juncture, their claims appear to fall into the first category of cases, where courts seem generally to be in agreement that a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to dismiss. ER 17.

In making this ruling, the District Court imposed an impossibly high burden for plaintiffs to meet that is not required by Title VII. The Plaintiff's stated beliefs about her God-bestowed immunity system and her pro-life beliefs directly tie her faith to her objection to taking the vaccine.

The Plaintiff's concern with bodily integrity is analogous to Christian healthcare workers who have asserted concerns with bodily purity as a basis for their religious exemption requests in the COVID vaccine mandate era. For example in one case, a plaintiff stated that "as a Christian, my body is a temple and it is my God give [*sic*] responsibility and requirement to protect the physical integrity of my body." *Quinn v. Legacy Health*, 3:23-CV-00331-JR, 2024 WL 620344, at *2 (D. Or. Feb. 13, 2024). In that case, the District Court denied the defendant's motion to dismiss plaintiffs' failure to accommodate claim and held that the plaintiffs "[met] the minimal standard for pleading a sincere religious belief that conflicts with an employment requirement." *Id*. The District Court further noted that "[a]lthough the development of the factual record may later illuminate in greater detail [the plaintiffs'] religious convictions and their relationship, if any, to the requirement to receive the COVID-19 vaccine, at this stage in the proceedings the minimal pleadings are sufficient to state a claim." *Id*; *see also*, *Thompson v. Asante Health Sys.*, 1:23-cv-00486-CL, at *6 (D. Or. Nov. 7, 2023) ("[A]ll of the Thirteen Plaintiffs have asserted that their faith motivated them to object to the vaccine, and that they informed [the defendant] of their religious conflict."); *Kather v. Asante Health Sys.*, 1:22-cv-01842-MC, at *9 (D. Or. July 28, 2023); *Bird et al. v. Dr. Alanson M. Randol, D.D.S., PC*, D. Or. Case No.6:23-CV-01678-MC (Dkt. Rpt. No. 8); *Folin v. Asante*, 1:23-cv-01389-AA (D. Or. June 20, 2024).

Moreover, courts have consistently recognized that in a vaccine mandate case, a plaintiff can state a *bona fide* religious belief that conflicts with an employment requirement by alleging Christian-based beliefs in the sanctity of life and opposition to taking a vaccine connected to, or derived even remotely from, aborted fetal cell lines. *See Stephens v. Legacy-Gohealth Urgent Care*, No. 3:23-cv-00206-SB, 2023 U.S. Dist. LEXIS 204619, 2023 WL 7612395, at *7-9 (D. Or. Oct. 23, 2023) (citing *Keene*, 2023 U.S. App. LEXIS 11807, 2023 WL 3451687, at *1-2 and *Kather v. Asante Health Sys.*, No. 22-1842-MC, 2023 U.S. Dist. LEXIS 131899, 2023 WL 4865533, at *4-5 (D. Or. July 28, 2023)), *findings and recommendation adopted in full and clarified in part*, 2023 U.S. Dist. LEXIS 203541, 2023 WL 7623865, at *1 (D. Or. Nov. 14, 2023); *Trinh v. Shriners Hosps. for Children*, No. 3:22-cv-01999-SB, 2023 U.S. Dist. LEXIS 203734, 2023 WL 7525228, at *10-11 (D. Or. Oct. 23, 2023) (citing *Keene*, 2023 U.S. App. LEXIS 11807, 2023 WL 3451687, at *1-2 and *Kather*, 2023 U.S. Dist. LEXIS 131899, 2023 WL 4865533, at *4)), *findings and recommendation adopted*, 2023 U.S. Dist. LEXIS 202668, 2023 WL 7521441, at *1 (D. Or Nov. 13, 2023); *see also Kather*, 2023 U.S. Dist. LEXIS 131899, 2023 WL 4865533, at *4-5 (holding that the plaintiff "adequately alleged a sincerely held religious belief, the practice of which conflicts with receiving a COVID-19 vaccine," and noting that the plaintiff relied on her "'Christianity' and resistance to receiving a vaccine developed with fetal cell lines"). Opinions of other judges in this district are

in accord. *See, e.g.*, *Shafer v. Legacy Health*, No. 3:23-cv-01543-HZ, 2024 U.S. Dist. LEXIS 80237, 2024 WL 1932544, at *3-4 (D. Or. May 2, 2024) (discussing anti-abortion beliefs and noting that in *Kather*, the court "concluded that one plaintiff's 'self-identified Christianity and resistance to receiving a vaccine developed with fetal cell lines [was a] reasonably inferred religious conflict'") (citations omitted); *Welch v. Or. Health*, No. 3:23-cv-01231-SB, 2024 US Dist LEXIS 111255, at *35-36 (D Or May 17, 2024).

Jurists within the District Court of Oregon have given different opinions regarding the burden on plaintiffs, but many have correctly recognized that plaintiffs make out a *prima facie* case under a failure to accommodate theory of Title VII where exemptions were sought based on an interpretation of religious scripture regarding bodily integrity and pro-life beliefs. A review of the record in the light most favorable to the Plaintiff in this case should have resulted in a similar outcome, with the District Court finding that Plaintiff sufficiently articulated religious beliefs, within the scope of Title VII, in conflict with taking the COVID-19 vaccine. The District Court erred when it failed to do so.

### 3. *The Current Trajectory Of Cases Supports A Finding That Title VII Should Be Interpreted More Expansively, Rather Than Less So.*

Courts around the country have adopted different tests to assess how employers may evaluate religious exemption requests, but caution against excessive intrusion into individual’s faith. In fact, very recent case law demonstrates a

jurisprudential shift toward embracing greater religious liberty, rather than constraining it. For example, a recent Eight Circuit decision grappled with these issues in *Ringhofer v. Mayo Clinic, Ambulance*, No. 23-2994 (8th Cir. May 24, 2024), where the Eight Circuit overturned a district court's finding that the plaintiffs had failed to articulate sincere religious beliefs that conflicted with the vaccine, as well as with weekly COVID testing. In reversing the district court's granting of the defendant's motion to dismiss, the Eighth Circuit held:

> The district court did not "consider the complaint as a whole," instead focusing on specific parts of the complaints to rule the anti-vaccine beliefs "personal" or "medical." *See Warmington*, 998 F.3d at 795-96. As EEOC Guidance says, "overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system." EEOC Compliance Manual § 12-I(A)(1) (Jan. 15, 2021)… As discussed, beliefs do not have to be uniform across all members of a religion or "acceptable, logical, consistent, or comprehensible to others." *Thomas*, 450 U.S. at 714. By connecting their objection to testing to specific religious principles (Rubin's belief that "her body is a temple" and Ihde's belief that testing in this case may be "the equivalent of committing idolatry"), they have satisfied their burden at this stage. All plaintiffs adequately pled a conflict between their Christian religious beliefs and Mayo Clinic's Covid-19 policy.

*Ringhofer v. Mayo Clinic, Ambulance*, No. 23-2994, at *9-10 (8th Cir. May 24, 2024). This reading of Title VII encourages a broader, more protective application of Title VII, consistent with its purpose of protecting religious liberty in the employment context.

Two other recent out-of-circuit cases underscore this trend: *Does 1-11 v. Board of Regents of University of Colorado*, 100 F.4th 1251 (10th Cir. 2024) and *Rainey v. Westminster Pub. Schs.*, Civil Action 22-cv-03166-RMR-KAS (D. Colo. Jul. 7, 2024). A close reading of both cases shows courts are loathe to allow much more than employer asking "yes" or "no" questions about an employee's religious beliefs. As the Colorado District Court explained regarding the Tenth Circuit' decision:

> The Tenth Circuit stated that the defendant could have asked "*whether* an applicant had a sincerely-held religious belief prohibiting her from receiving the COVID-19 vaccine," but instead impermissibly "asked *why* the applicant held her religious beliefs," before denying or granting "exemptions on a case-by-case basis."…The Circuit warned that the defendants' "inquiries into the sincerity of the Does' religious beliefs were precisely the sort of 'trolling through a person's . . . religious beliefs' for which this Court and the Supreme Court have repeatedly admonished state actors." In addressing the partial dissent's opinion, the majority concluded: [T]he [defendant] was entitled to ask applicants whether they opposed being vaccinated for religious reasons, rather than secular ones. But an employee could answer that question with little more than "yes" or "no." The why sought by the [defendant], and endorsed by the partial dissent, transgressed all boundaries set by the Religion Clauses. The [defendant] was not entitled to demand a further explanation about the mechanics of employees' religious doctrines, or to ask employees to detail why their religious beliefs proscribe receipt of a COVID-19 vaccine, or to require employees to justify the differences between their past religious views on other vaccines and their current religious views on COVID-19 vaccines. But that is precisely what the [defendant] did. The partial dissent would permit such intrusive inquiries under the guise of "determin[ing] whether the applicant's religious belief underlying the exemption request was sincerely held.

*Rainey v. Westminster Pub. Schs.*, Civil Action 22-cv-03166-RMR-KAS, 13-16 (D. Colo. Jul. 7, 2024). Key to the Colorado court's analysis is that employers (and, by

extension here, trial courts) are forbidden from asking a plaintiff to explain the "why" of her religiously based objections because to do so would impermissibly transgress the line of demarcation Title VII is intended to protect in this context. As was true in Colorado, the District Court here erred when it ruled that Plaintiff inadequately explained the connection between her faith and her objections to the vaccine.

In two recent cases from this Circuit, judges in the District of Oregon agreed with the more expansive view of Title VII. In *Welch v. Or. Health & Sci. Univ.*, No. 3:23-cv-01231-SB, 2024 WL 3106930, at *6 (D. Or. May 17, 2024), findings and recommendation adopted, 2024 WL 3106838, at *1 (D. Or. June 20, 2024), the Court addressed vaccine exemption-related statements that did not invoke religious beliefs related to abortion but were nevertheless sufficient at the pleading stage. 2024 WL 3106930, at *15. The plaintiff at issue in *Welch* invoked her beliefs regarding her faith and God, which she tied to her readings and interpretations of her Bible. *Id.* The Court concluded that the plaintiff plausibly alleged that she held bona fide religious beliefs that conflicted with her employer's vaccine mandate. *See id. at *16*. In support, the Court noted that the plaintiff's statements suggested that based on her readings and interpretations of verses in her Bible (some of which she quoted), she could not receive a vaccine injection (i.e., rely on "something man-made and not God") for "protection and healing" without violating the "foundation of her faith,"

going "against the Bible and what God tells her," exhibiting a lack of faith and "trust in the Lord with all things," and failing to treat her "body [as] a temple of the Holy Spirit within [her]" and "glorify God in [her] body." *Id.* The Court explained that dismissal was inappropriate because these statements amounted to more than conclusory assertions of a conflict between religious beliefs and a vaccine mandate, and showed how the plaintiff's conflict was rooted in her religious beliefs. *Id.* (citing *Shafer*, 2024 WL 1932544, at *3; and then citing *Quinn v. Legacy Health*, No. 3:23-cv-00331-JR, 2024 WL 620344, at *2 (D. Or. Feb. 13, 2024) (Nelson, J.)(noting that one plaintiff's religious exemption requests stated, "I AM GOD" and "do not need a religious authority other than God" but also stated that she was "a non-denominational Christian," the "Bible ma[de] it clear that [her] body [was] a temple.").

In *White v. Columbia Sportswear Company*, No. 3:24-cv-00006-SB (Findings and Recommendation, D. Or. Oct. 28, 2024), the plaintiff alleged that she is "a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability," and Columbia's vaccine "mandate . . . caused [her] extreme anxiety and fear." *Id*. at 21. White explained that "[a]ccording to the Bible, Godly decisions made in line with the fruit of the Holy Spirit are made with love, joy, peace, goodness, kindness, faithfulness, gentleness, and self-control," and because "anxiety and fear are not the

fruit of the holy spirit, receiving the vaccine is biblically against her faith and conscience." *Id*. White also explains that she "asked God for direction and the Holy Spirit moved her heart and conscience to not accept the COVID-19 vaccine and to place her trust in Him," and that "[i]f she [was] to go against this guidance, she believes she would be sinning and jeopardizing her relationship with God." *Id.* The Magistrate Court found that these allegations amount to more than conclusory assertions of a conflict between religious beliefs and a vaccine mandate, and show how the plaintiff's conflict was rooted in her religious beliefs. *Id*.

These recent cases should provide fertile loam for this Court, particularly in light of the Court's own trajectory regarding religious liberty cases, as evidenced by its rulings in *Keene v. City of San Francisco*, No. 22-16567, at *5-6 (9th Cir., May 15, 2023) (citing to *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981) ("[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.") and *Doe v. San Diego Unified Sch. Dist*., 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S.Ct. 1719, 1731 (2018)), recons. en banc denied, 22 F.4th 1099 (9th Cir. 2022).

## Conclusion

Accordingly, Plaintiff-Appellant respectfully requests this Court reverse the District Court's decision to grant the Defendant-Respondent's Motion to Dismiss and remand the matter to the lower court for further proceedings.

Respectfully submitted this 16th day of June, 2025.

RUGGED LAW, INC.

/s/ Paul Janzen

Paul Janzen OSB 176240
503-520-9900
paul@ruggedlaw.com

## Certificate of Compliance

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Fed. R. App. P. 32(g)(1) because this brief contains 7,119 words and is less than 30 pages excluding the parts exempted by Fed. R. App. P. 32(f) and

2. Pursuant to Fed. R. App. P. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft 365 Word in 14 pt. Times New Roman.

Respectfully submitted this 16th day of June, 2025.

RUGGED LAW, INC.
/s/ Paul Janzen
Paul Janzen OSB 176240
503-520-9900
paul@ruggedlaw.com

## Certificate of Filing and Service

I hereby certify that on the date set forth below, I filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated June 16, 2025.

RUGGED LAW, INC.

/s/ Paul Janzen

Paul Janzen OSB 176240
503-520-9900
paul@ruggedlaw.com