**Docket No: 24-7282**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

Appeal No: 24-7282

KARLY RIDINGS,
*Plaintiff-Appellant,*

v.

PEACEHEALTH,
*Defendant-Appellee.*

APPEAL FROM A DECISION OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, CASE NO. 6:23-cv-01514-MC

## APPELLANT'S REPLY BRIEF

PAUL JANZEN, ESQ. (OSB #176240)
RUGGED LAW, INC.
5201 SW Westgate Dr.
Bldg. B Ste 300
Portland, Oregon 97221
*Attorney for Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

**TABLE OF AUTHORITIES** .......... ii

**INTRODUCTION** .......... 1

**LEGAL ARGUMENT** .......... 2

**I. The exemption request letter is properly considered under this Circuit's incorporation-by-reference doctrine; it is central to and necessarily encompassed by the Complaint.** .......... 2

*1. The Complaint necessarily relies on the exemption request that forms the core of the claim.* .......... 2

*2. PeaceHealth's "waiver" and "no-objection to F&R" points do not bar consideration.* .......... 3

*3. The letter directly demonstrates a faith-based conflict protected by Title VII.* 5

*4. PeaceHealth's procedural spin does not change the Rule 12(b)(6) standard.* .......... 6

**II. Whether or not the letter is considered, Appellant plausibly alleged a religious belief that conflicts with vaccination; PeaceHealth's merits arguments stretch pleading law and misread Ninth Circuit precedent** .......... 7

*1. Rule 8's burden is minimal at the 12(b)(6) stage.* .......... 7

*2. PeaceHealth's authorities show the line between secular and religious, and Appellant is on the religious side of the line.* .......... 8

*3. PeaceHealth's "actual conflict" framing demands more than the law requires at the pleading stage.* .......... 9

*4. PeaceHealth's preservation and "no reference to the letter in the Complaint" points are beside the point.* .......... 11

**III. The Ninth Circuit's *Detwiler* decision does not help PeaceHealth; it supports Appellant and distinguishes secular-only objections from religion-grounded conflicts.** .......... 13

**IV. At minimum, the judgment should be vacated with instructions to permit amendment.** .......... 19

**CONCLUSION** .......... 20

# TABLE OF AUTHORITIES

**CASES**

*Adeyeye v. Heartland Sweeteners, LLC*,

721 F.3d 444, 450 (7th Cir. 2013)……………………………………………14

*AE ex rel. Hernandez v. County of Tulare*,

666 F.3d 631, 637–38 (9th Cir. 2012)….………………...……….………..19

*Ashcroft v. Iqbal,*

556 U.S. 662 (2009)……………………………………..…………….……2

*Barnett v. Inova Health Care Servs.*,

125 F.4th 465, 470-71 (4th Cir 2025)……………………………..…….16

*Bartholomew v. Washington*,

725 F. Supp. 3d 1225, 1233 (W.D. Wash. 2024) ……………………............8

*Bazinet v. Beth Israel Lahey Health, Inc.*,

113 F.4th 9, 17 (1st Cir. 2024)……………………………………………..18

*Bell Atl. Corp. v. Twombly,*

550 U.S. 544 (2007)…………………………………….………….............2

*Bolden-Hardge v. Office of the Cal. State Controller*,

63 F.4th 1215, 1223 (9th Cir. 2023)…………………………….…11, 14, 16

*Burwell v. Hobby Lobby Stores, Inc.*,

573 U.S. 682, 725 (2014))……………………………………………………16

*Connelly v. Lane Constr. Corp.*,

809 F.3d 780, 789 (3d Cir. 2016)……………………………………………..11

*Detwiler v. Mid-Columbia Med. Ctr.,*

No. 23-3710 (9th Cir. Sept. 23, 2025) ………………...…1, 2, 8-10, 13-14, 19

*Doe v. San Diego Unified Sch. Dist.*,

19 F.4th 1173, 1176 n.3 (9th Cir. 2021)……………………..…………..15

*E.E.O.C. v. American Federation of State, County and Mun. Employees, AFL–CIO*,

937 F.Supp. 166 (N.D.N.Y.1996)……………………………………….18

*E.E.O.C. v. Unión Independiente de la Autoridad*,

279 F.3d 49, 56 (1st Cir. 2002)…………………………………………17

*E.E.O.C v. University of Detroit*,

904 F.2d 331 (6th Cir.1990)…………………………………………..17

*Eminence Cap., LLC v. Aspeon, Inc.*,

316 F.3d 1048, 1051–52 (9th Cir. 2003). ……………………………..14-15

*Fallon v. Mercy Catholic Med. Ctr.*,

877 F.3d 487, 492 (3d Cir. 2017) ……………………………………..8

*Finkbeiner v. Geisinger Clinic*,

623 F. Supp. 3d 458, 465 (M.D. Pa. 2022)……………………………11

*Foman v. Davis*,

371 U.S. 178, 182 (1962) ……………………………………..……...14

*Heller v. EBB Auto Co.*,

8 F.3d 1433, 1439 (9th Cir. 1993)……………………………………15

*Keene v. City of San Francisco*,

No. 22-16567, at *5-6 (9th Cir. May 15, 2023)………………………14-15

*Khoja v. Orexigen Therapeutics, Inc.*,

899 F.3d 988, 1002 (9th Cir. 2018). …………………………………..3, 4

*Lopez v. Smith*,

203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)………………………19, 20

*Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*,

138 S.Ct. 1719, 1731 (2018))…………………………………….…15

*Menges v. Blagojevich*,

451 F.Supp.2d, 992, 1003 (C.D. Ill. 2006)……………………..……17

*Passarella v. Aspirus, Inc.*,

108 F.4th 1005, 1009 (7th Cir. 2024)…………………………………..16, 18

*San Pedro Hotel Co., Inc. v. City of Los Angeles*,

159 F.3d 470, 477 (9th Cir.1998)……………………………………………11

*Sturgill v. Am. Red Cross*,

114 F.4th 803, 810 (6th Cir. 2024)…………………………………………..16

*Thomas v. Review Bd.*,

450 U.S. 707, 714 (1981)………………………………………………15, 16

*Thornton v. Ipsen Biopharmaceuticals, Inc.*,

126 F.4th 76 (1st Cir. 2025)……………………………………………...16

*United States v. Meyers*,

906 F. Supp. 1494, 1502 (D. Wyo. 1995), aff'd, 95 F3d 1475 (10th Cir 1996)……………………………………………………………………17

*United States v. Willis*,

431 F.3d 709, 713 n.4 (9th Cir. 2005) . ……………………..……………....4

*Whittlestone, Inc. v. Handi-Craft Co.*,

618 F.3d 970, 974 (9th Cir. 2010)……………………………………………11

**STATUTES AND ORDINANCES**

28 U.S.C. § 636(b)(1) ……………………………………………………..…...4

Fed. R. Civ. P. 15(a)(2). …………………………………………………….19

Fed. R. Civ. Pro. 12(b)(6)……………………………………………………*passim*

Fed. R. Civ. Pro. 8(a)(2) ……………………………………………………*passim*

Fed. R. Civ. Pro. Rule 10(c) ………………………………………………*passim*

Fed. R. Civ. Pro. 72(b)(2) …………………………………………………*passim*

FRAP 28……………………………………………………………………...…*passim*

# INTRODUCTION

This appeal presents a single question: whether Ms. Ridings plausibly alleged a bona fide religious belief, the observance of which conflicted with PeaceHealth's vaccination requirement. She did. The record contains her exemption-request letter setting out scripture-based objections and a pro-life conflict with vaccines associated with fetal cell lines, statements that tie her faith to vaccination itself, not merely to generalized safety concerns. ER 51–52 (quoting 1 Corinthians 3:16 and explaining "I must honor and protect my body, my temple" and objecting to vaccines associated with aborted fetal cell lines).

PeaceHealth's Answering Brief urges the Court to ignore that letter and to restrict review to two Complaint paragraphs, but that position goes to preservation and scope, not plausibility. See ER 21–23; AB at 36–41, 47–56. Either way, the result is reversal: considering the central exemption request confirms a religious–duty nexus; and even on the four corners of the Complaint, the plausibility burden for the first element is "minimal," and the allegations that she is a devout Christian who could not in good conscience take the vaccine are enough at Rule 12(b)(6). ER 22–23; AB at 31–33, 57–60.

PeaceHealth's 28(j) letter invokes the Ninth Circuit's recent decision in *Detwiler*. That decision adopts a "sufficient nexus" test: a plaintiff must plead facts showing the belief is religious rather than purely secular; courts do not examine

sincerity or reasonableness. Appellee's 28(j) Letter at 1–2 (quoting *Detwiler*, 2025 WL 2700000, at *6–*7). Applied here, the exemption letter's scripture-grounded "body is a temple" statements and pro-life objection to fetal cell lines supply the nexus to vaccination that *Detwiler* demands. ER 51–52.

If the Court concludes more detail belonged in the pleading itself, the proper disposition is to vacate and remand with instructions to allow amendment. The District Court dismissed without prejudice, and the letter already in the record provides the added particulars. ER 14–19.

Finally, the governing standard is straightforward: Rule 8 requires only a short and plain statement; on a Rule 12(b)(6) motion, well-pleaded facts are accepted as true and reasonable inferences drawn for the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## LEGAL ARGUMENT

### I. The exemption request letter is properly considered under this Circuit's incorporation-by-reference doctrine; it is central to and necessarily encompassed by the Complaint.

#### *1. The Complaint necessarily relies on the exemption request that forms the core of the claim.*

Ridings pleaded that she applied for a religious exemption to PeaceHealth's vaccine mandate and that PeaceHealth granted it. Those allegations put the exemption request at the center of the claim because they are the mechanism by

which the alleged belief–duty conflict was presented and processed. See ER 21–23 (allegation that she "applied for a religious exemption" and PeaceHealth granted it).

The exemption-request letter itself is in the record. It was submitted with counsel's declaration as "the religious exemption request [Ridings] submitted to [PeaceHealth]," is dated August 23, 2021, and appears at ER 51–52 (with the declaration at ER 49). The letter ties her faith to vaccination through scripture and a pro-life objection to fetal cell lines: "I must honor and protect my body, my temple," and "the practice of using an aborted child's body for science … violates my conscience." ER 51–52.

Under the Ninth Circuit's incorporation-by-reference doctrine, courts may consider documents a complaint necessarily relies on to prevent artful pleading from insulating central writings. PeaceHealth's own briefing acknowledges the doctrine and cites *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Here, the Complaint's exemption allegations necessarily encompass the exemption request; its authenticity and provenance are identified in the Rule 12(b)(6) record; and its contents go directly to the pleaded religious–duty conflict. See ER 21–23, 49, 51–52.

#### 2. *PeaceHealth's "waiver" and "no-objection to F&R" points do not bar consideration.*

PeaceHealth next argues that Ridings waived argument because she did not file objections to the F&R. But there was nothing to object to. The magistrate judge

recommended denying dismissal and, in doing so, analyzed only the Complaint. ER 3–9. PeaceHealth then objected; the district judge declined to adopt the F&R and entered the adverse final order, again confining review to the pleadings. ER 14–18. The record confirms both judges stayed within the four corners of the Complaint. That posture preserves Appellant's ability to challenge the Rule 12(b)(6) ruling and to argue why the exemption letter, central to the pleaded exemption, should be considered under incorporation-by-reference or, at minimum, warrants remand to allow amendment.

Rule 10(c) is not the sole path; incorporation-by-reference independently permits consideration of documents the complaint necessarily relies on where authenticity is not in dispute. See *Khoja*.

Rule 72(b)(2) and 28 U.S.C. § 636(b)(1) require objections to adverse proposed findings. They do not force a party to object to a favorable recommendation to preserve issues for appeal from a later contrary judgment. PeaceHealth itself cites the principle that a party prevailing before the magistrate "need not object" to preserve an alternative legal theory on appeal. See *United States v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005) (cited by PeaceHealth).

In any event, Ridings squarely placed the exemption letter in the Rule 12(b)(6) record through counsel's declaration; the letter is identified as the religious exemption request to PeaceHealth and appears at ER 51–52. Those pages articulate

the faith-based conflict that PeaceHealth says is missing from the pleadings. Whether to consider that document under the Ninth Circuit's incorporation-by-reference doctrine is a legal question suitable for appellate resolution, and it was fully teed up in the record below. See ER 49, 51–52.

PeaceHealth never disputed the authenticity of the letter below; the letter is identified by counsel, dated August 23, 2021, and was in PeaceHealth's possession when it processed the exemption. ER 49, 51–52.

#### *3. The letter directly demonstrates a faith-based conflict protected by Title VII.*

The exemption request identifies a religious basis for declining vaccination. It states, "I must honor and protect my body, my temple. This includes declining a vaccine," and objects that vaccines associated with aborted fetal cell lines "violate[] my conscience." ER 51–52. PeaceHealth's own brief reproduces these passages and locates them at ER 51–52.

The letter was before the district court via counsel's declaration identifying it as "the religious exemption request [Ridings] submitted to [PeaceHealth]," with the declaration at ER 49 and the August 23, 2021 letter at ER 51–52.

These materials tie scripture-grounded "body is a temple" beliefs and a pro-life objection to fetal cell lines to the act of vaccination itself, not to a free-floating, secular safety preference.

PeaceHealth concedes that when a plaintiff clearly alleges Christian-based beliefs in the sanctity of life and opposition to taking a vaccine tied to fetal cell lines, the "fairly minimal" pleading burden can be met. The ER-cited passages do exactly that. Coupled with the Complaint's allegations that Ridings is a devout Christian who "did not believe it was consistent with her faith to take the [COVID-19] vaccine," and that she applied for and received a religious exemption, Rule 8 is satisfied. ER 21–23.

#### ***4. PeaceHealth's procedural spin does not change the Rule 12(b)(6) standard.***

Appellee's waiver theme does not alter what this Court reviews: a Rule 12(b)(6) dismissal de novo, asking only whether the well-pleaded facts plausibly allege a claim and drawing reasonable inferences for the plaintiff.

PeaceHealth argues forfeiture because Ridings did not object to the F&R and did not separately brief incorporation below or in her opening brief. See AB at 51–58 (citing *Thomas v. Arn*, Rule 72, and FRAP 28). But that procedural posture cannot insulate a pure Rule 12(b)(6) merits determination from de novo review. The district court granted dismissal based on the face of the pleadings; on appeal, the Court still asks whether the Complaint's factual allegations, accepted as true, plausibly state the first element.

Even on PeaceHealth's preferred footing, ignoring the letter, the Complaint alleges that Ridings is a devout Christian who "did not believe it was consistent with

her faith to take the [COVID-19] vaccine," and that she applied for and received a religious exemption. ER 21–23. Those allegations frame a religion-duty conflict sufficient at the pleading stage; Rule 8 does not demand detailed facts.

PeaceHealth's remaining points about failure to object to a favorable F&R or to develop an incorporation argument go to whether the letter may be considered, not to whether the Complaint itself clears Rule 12(b)(6). Either way, the standard remains the same and supports reversal on the merits.

## II. Whether or not the letter is considered, Appellant plausibly alleged a religious belief that conflicts with vaccination; PeaceHealth's merits arguments stretch pleading law and misread Ninth Circuit precedent.

### *1. Rule 8's burden is minimal at the 12(b)(6) stage.*

Rule 8(a)(2) requires only a "short and plain statement" showing entitlement to relief; it does not demand "detailed factual allegations." On a Rule 12(b)(6) motion, courts accept well-pleaded facts as true and draw reasonable inferences for the plaintiff.

That standard is dispositive here. The Complaint alleges that Ridings is a devout Christian who "did not believe it was consistent with her faith to take the [COVID-19] vaccine," that she applied for a religious exemption when PeaceHealth announced the mandate, and that PeaceHealth granted the exemption. Those are concrete factual allegations that plausibly plead a religion–duty conflict at the pleading stage.

PeaceHealth's contrary framing tries to tighten Rule 8 beyond *Twombly/Iqbal* by insisting on granular doctrinal particulars. The Ninth Circuit's articulation of the plausibility standard rejects that approach: the complaint must provide enough factual matter to make the claim plausible, not to prove it, and inferences run in the plaintiff's favor.

#### 2. *PeaceHealth's authorities show the line between secular and religious, and Appellant is on the religious side of the line.*

PeaceHealth's own cases draw the distinction: objections grounded only in safety, efficacy, or "natural immunity" are secular and do not satisfy the first element; objections tied to religious tenets do. See AB at 44 (collecting cases, including *Detwiler* (secular carcinogenic-risk objection to testing), *Bartholomew v. Washington*, 725 F. Supp. 3d 1225, 1233 (W.D. Wash. 2024) (secular "natural immunity"), and *Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 492 (3d Cir. 2017) ("vaccine might do more harm than good" not religious)). Appellant is on the protected side of that line. Her exemption request anchors her objection in Christian doctrine: scripture-based "body is a temple" beliefs and a pro-life objection to vaccines associated with fetal cell lines, applied to the act of vaccination itself. ER 51–52.

PeaceHealth's 28(j) notice confirms the governing lens. The Ninth Circuit in *Detwiler* required a "sufficient nexus" between religion and the particular belief conflicting with the duty and explained that the task is to distinguish purely secular

preferences from beliefs grounded in religion. Appellee's 28(j) Letter at 1 (summarizing *Detwiler*, recognizing that beliefs "grounded in overlapping secular and religious considerations" are "presumably protected," but the question is whether the belief is religious rather than purely secular). Applying that standard, *Detwiler* affirmed dismissal where the plaintiff's "body as a temple" statement was untethered to the practice at issue and her objection was purely medical (carcinogenic risk) to nasal-swab testing. Id. at 1–2.

Here, by contrast, Ridings ties her religious tenets to vaccination itself, and she articulates a faith-based, pro-life conflict with vaccines associated with fetal cell lines. ER 51–52. Even if her beliefs overlap with health considerations, *Detwiler* recognizes that overlap as "presumably protected" when the belief is religious in nature. Appellee's 28(j) Letter at 1. On the authorities PeaceHealth invokes, Ridings alleged a religious, not secular, conflict.

***3. PeaceHealth's "actual conflict" framing demands more than the law requires at the pleading stage.***

PeaceHealth recasts the Rule 12(b)(6) inquiry as a demand for "specific factual allegations demonstrating an actual conflict" between belief and mandate. That is a summary-judgment gloss, not the pleading standard. Rule 8 requires only a short and plain statement, and on 12(b)(6) the court accepts well-pleaded facts and draws reasonable inferences for the plaintiff.

Under the Ninth Circuit's framework, the question at this stage is plausibility, not proof. The complaint need not detail theology or anticipate every objection. It must allege facts that make it plausible there is a religion–duty conflict. That is what Ridings pleaded: she is a devout Christian who "did not believe it was consistent with her faith to take the [COVID-19] vaccine," she applied for a religious exemption when the mandate issued, and PeaceHealth granted it. Those allegations, taken as true, clear Rule 8's low bar.

The Ninth Circuit's *Detwiler* lens, invoked by PeaceHealth, confirms this. *Detwiler* asks whether the pleaded facts show a belief that is religious rather than purely secular; it expressly disclaims any inquiry into sincerity or reasonableness at the pleading stage. That standard does not ratchet up detail; it prevents secular preferences from being recast as religion.

Applied here, Ridings' materials show a religious nexus to vaccination itself. Her exemption request states, "I must honor and protect my body, my temple," and explains her pro-life objection to vaccines associated with fetal cell lines. ER 51–52. Those are religion-grounded assertions tied to the duty at issue, not freestanding safety critiques. PeaceHealth's own brief quotes and locates these statements at ER 51–52.

PeaceHealth's contrary "actual conflict" articulation would require granular doctrinal explication at Rule 12(b)(6), which Twombly and Iqbal do not demand. A

complaint states a claim when its factual content allows a reasonable inference of liability; it need not marshal evidentiary detail.

*Bolden-Hardge* confirms the inquiry is whether the pleadings permit a reasonable inference of an actual conflict; courts do not demand granular doctrinal explanation at the pleading stage. *See Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023)

#### *4. PeaceHealth's preservation and "no reference to the letter in the Complaint" points are beside the point.*

The dismissal is reviewed de novo under Rule 12(b)(6). The question is plausibility on the face of the pleadings. PeaceHealth's waiver theory about objections to the F&R is incorrect and does not change that standard. *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir.1998); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). "Plaintiffs are not required to establish each element to survive a motion to dismiss; they must simply "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [their] claims." *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (citing *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 789 (3d Cir. 2016).

The magistrate recommended denial based solely on the Complaint, so there was nothing adverse for Ridings to object to. The Findings and Recommendation was in Plaintiff's favor and was not objectionable, so waiver did not occur. The

district judge later declined to adopt the findings and recommendation and dismissed the case. PeaceHealth's own brief confirms both rulings stayed within the four corners of the Complaint. That posture preserves de novo review of the Rule 12(b)(6) ruling.

PeaceHealth argues forfeiture under *Thomas*/Rule 72 and FRAP 28, but those authorities go to whether this Court should reach incorporation-by-reference, not whether the Complaint itself states a plausible claim. Even on PeaceHealth's preferred footing, Complaint only, Ridings alleged she is a devout Christian, that vaccination conflicted with her faith, and that she applied for and received a religious exemption. Those factual allegations must be taken as true at Rule 12(b)(6).

PeaceHealth also says the letter was "not mentioned in the Complaint," but it does not dispute that the letter sits in the Rule 12(b)(6) record at ER 49 and ER 51–52 as identified by counsel's declaration. That narrows any dispute to a legal question about incorporation-by-reference, which is fit for appellate resolution.

The bottom line is that PeaceHealth's preservation and "no reference" points do not insulate the Rule 12(b)(6) dismissal from de novo review. Either the Court considers the exemption letter under incorporation-by-reference, or it evaluates the Complaint alone. On either path, reversal follows.

### III. The Ninth Circuit's *Detwiler* decision does not help PeaceHealth; it supports Appellant and distinguishes secular-only objections from religion-grounded conflicts.

*Detwiler* sets a straightforward test: a plaintiff "must plead a sufficient nexus between her religion and the specific belief in conflict with the work requirement," and courts at Rule 12(b)(6) do not examine sincerity or reasonableness, only whether the pleaded belief is religious rather than purely secular. *Detwiler*. *Detwiler* also recognizes that beliefs "grounded in overlapping secular and religious considerations" are "presumably protected"; the task is to distinguish purely secular concerns from preferences that overlap with a bona fide religious belief. *Id*. at *6.

Applying that standard, *Detwiler* affirmed dismissal where the plaintiff's "body as a temple" statement did not connect to the practice at issue (nasal-swab testing). Her objection was secular, an asserted carcinogenic risk from EtO, so there was no religious–duty nexus. *Id*. at *6–*7, *11.

This case is the other side of the line. Ridings' exemption request ties religious tenets directly to vaccination itself through scripture-based "body is a temple" assertions and an overt pro-life objection to vaccines associated with fetal cell lines. ER 51–52. PeaceHealth's own brief quotes those ER pages verbatim and identifies them in the record. ER 51–52. That is a direct religious–duty nexus to the act of vaccination, not a free-standing safety preference about testing media, and it satisfies *Detwiler's* nexus requirement.

PeaceHealth argues these statements are "secular" because Ridings also referenced safety. But *Detwiler* expressly allows overlap; the question is whether the belief is religious rather than purely secular. 2025 WL 2700000, at *6–*7. Here the fetal-cell-line objection and "body is a temple" ground the conflict in religious doctrine and conscience. ER 51–52.

On *Detwiler's* terms, Ridings pleads the first element. The judgment should be reversed, or at minimum vacated with instructions to allow amendment so the exemption letter's religious content, already in this record, can be expressly incorporated. ER 14–19, 51–52.

There is an extensive body of caselaw supporting Plaintiff's position in addition to the Detwiler case. "Title VII is a remedial statute employ[ed] liberally in favor of employee protection." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 450 (7th Cir. 2013). Moreover, plaintiffs should not be penalized for not articulating their religious beliefs with perfect clarity and precision. *See Bolden-Hardge.* Only if an employee's religious exception request is so insufficiently clear that it does not alert the employer that the request is motivated by a religious belief should the Court find fault with the employee and dismiss the claim.

Moreover, Title VII does not require a plaintiff to demonstrate a precise or objectively rational connection between her belief system and the conflict with her workplace requirements. *Keene v. City of San Francisco*, No. 22-16567, at *5 (9th

Cir. May 15, 2023) ("A religious belief need not be consistent or rational to be protected under Title VII[.]"). Title VII does not require that an employee provide extensive notice; it requires "only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements…Any greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence." *Heller v. EBB Auto Co*., 8 F.3d 1433, 1439 (9th Cir. 1993) (Plaintiff's notice to employer was satisfactory where employer knew Plaintiff was Jewish, his wife was studying for conversion and that he need time off to go to a ceremony).

Because a religious belief need not be consistent or rational to be protected under Title VII, an assertion of a sincere religious belief should be generally accepted. *Keene, v. City of San Francisco*, No. 22-16567, at *5-6 (citing to *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981) ("[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection."); *Doe v. San Diego Unified Sch. Dist*., 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138

S.Ct. 1719, 1731 (2018)), recons. en banc denied, 22 F.4th 1099 (9th Cir. 2022); EEOC Guidance, § 12-I(A)(2) ("[T]he sincerity of an employee's stated religious belief is usually not in dispute and is generally presumed or easily established."

The Ninth Circuit has explained that "[t]he Supreme Court has, albeit in the free exercise context, cautioned against second-guessing the reasonableness of an individual's assertion that a requirement burdens her religious beliefs, emphasizing that a court's 'narrow function . . . in this context is to determine whether the line drawn reflects an honest conviction.'" *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014)). The Ninth Circuit also explained that although "[t]his principle does not mean that courts must take plaintiffs' conclusory assertions of violations of their religious beliefs at face value[,] . . . [a Title VII plaintiff's] burden to allege a conflict with religious beliefs is fairly minimal." *Id.* (citation omitted) (citing *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)). Other Circuit Courts have agreed. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024); *Sturgill v. Am. Red Cross*, 114 F.4th 803, 810 (6th Cir. 2024); *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76 (1st Cir. 2025); *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 470-71 (4th Cir 2025).

Further, nothing in Title VII prohibits an individual from having both a philosophical **<u>and</u>** religious objection to an employment requirement. *E.E.O.C. v.*

*Unión Independiente de la Autoridad*, 279 F.3d 49, 56 (1st Cir. 2002) ("Title VII's capacious definition of "religion" includes "all aspects of religious observance and practice, as well as belief. . . ." 42 U.S.C. § 2000e(j); see also 29 C.F.R. § 1605.1 ("[R]eligious practices . . . include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views."). "Religious beliefs often address fundamental questions about life, purpose, and death." *United States v. Meyers*, 906 F. Supp. 1494, 1502 (D. Wyo. 1995), aff'd, 95 F3d 1475 (10th Cir 1996) ("[I]f there is any doubt about whether a particular set of beliefs constitutes a religion, the Court will err on the side of freedom and find that the beliefs are a religion. In a country whose founders were animated in large part by a desire for religious liberty, to do otherwise would ignore a venerable (albeit checkered) history of freedom and tolerance." *Id. at* 1499). "Title VII claims for religious discrimination are cognizable for topics which overlap both the religious and political spectrum, such as abortion, as long as the claims are based on a plaintiff's bona fide religious belief. *Menges v. Blagojevich*, 451 F.Supp.2d, 992, 1003 (C.D. Ill. 2006) (finding pharmacists stated a claim under Title VII for religious discrimination based on their religious opposition to abortion and emergency contraceptives); *E.E.O.C v. University of Detroit*, 904 F.2d 331 (6th Cir.1990) (finding a professor's claim valid where professor alleged religious discrimination in violation of Title VII when professor's union required payment of an agency fee

which went to an organization that supported abortion); *E.E.O.C. v. American Federation of State, County and Mun. Employees, AFL–CIO*, 937 F.Supp. 166 (N.D.N.Y.1996) (finding employee stated a claim for religious discrimination under Title VII when employee's union required payment of an agency fee which went to an organization that supported the death penalty and abortion and the employee's religious beliefs did not support those issues). Recent cases from other Circuit Courts confirm this view. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024) ("[Section 2000e(j)'s] standard is not amenable to formulaic resolution like solving a math equation. . . . [T]he controlling inquiry at the pleading stage [is] whether the employee plausibly based her vaccination exemption request at least in part on an aspect of her religious belief or practice…An employee may object to an employer's vaccine mandate on both religious and non-religious grounds—for example, on the view that receiving the vaccine would violate a religious belief and implicate health and safety concerns."); *Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 17 (1st Cir. 2024) ("[A]s the Eighth Circuit recognized, the mere fact that there is 'overlap between a religious and political view does not [necessarily] place [the view] outside the scope of Title VII's religious protections.' Thus, '[i]f an accommodation request can be read on its face as plausibly based in part on an aspect of the plaintiff-employee's religious belief or practice, that is enough to survive a motion to dismiss.' That is the situation here.") (internal citations omitted).

## IV. At minimum, the judgment should be vacated with instructions to permit amendment.

Federal policy favors amendment. Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court lists the only grounds to deny leave, undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this policy "with extreme liberality," and prejudice is the touchstone. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Leave is required unless it is "absolutely clear" the defect cannot be cured. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637–38 (9th Cir. 2012).

Those factors favor remand here. The dismissal was without prejudice and at the pleading stage. ER 14–19. There is no finding of delay, bad faith, or prejudice. The proposed amendment is straightforward: incorporate, in the body of the complaint, the religious content already in the Rule 12(b)(6) record (the August 23, 2021 exemption request at ER 51–52, identified in counsel's declaration at ER 49). That addition squarely pleads the religious–duty nexus PeaceHealth claims is missing. ER 49, 51–52.

Futility is not shown. The exemption letter ties scripture-based "body is a temple" beliefs and a pro-life objection to vaccines associated with fetal cell lines to the act of vaccination. ER 51–52. On *Detwiler's* terms, those facts plausibly allege

a religious, not purely secular, conflict. Any deficiency the district court perceived can be cured by amendment. See *Lopez*, 203 F.3d at 1130; *Eminence Cap.*, 316 F.3d at 1051–52.

The Court should vacate the judgment and remand with instructions to grant leave to amend so Appellant can plead, expressly and succinctly, the exemption letter's religious content reflected at ER 51–52.

## CONCLUSION

The Rule 12(b)(6) dismissal cannot stand. The Complaint, and the exemption request properly considered with it, plausibly allege a bona fide religious belief that conflicts with PeaceHealth's vaccination requirement. The district court applied a standard stricter than Rule 8 and Twombly/Iqbal permit and failed to credit well-pleaded facts and reasonable inferences.

The Court should reverse and remand for further proceedings. In the alternative, it should vacate the judgment and remand with instructions to permit amendment.

Respectfully submitted this 5th day of November, 2025.

RUGGED LAW, INC.

/s/ *Paul Janzen*

Paul Janzen OSB 176240
503-520-9900
paul@ruggedlaw.com

## Certificate of Compliance

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Fed. R. App. P. 32(g)(1) because this brief contains 4,609 words and is less than 30 pages excluding the parts exempted by Fed. R. App. P. 32(f) and

2. Pursuant to Fed. R. App. P. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft 365 Word in 14 pt. Times New Roman.

Respectfully submitted this 5th day of November, 2025.

RUGGED LAW, INC.

/s/ *Paul Janzen*

Paul Janzen OSB 176240
503-520-9900
paul@ruggedlaw.com

**Certificate of Filing and Service**

I hereby certify that on the date set forth below, I filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated November 5, 2025.

RUGGED LAW, INC.

/s/ *Paul Janzen*

Paul Janzen OSB 176240
503-520-9900
paul@ruggedlaw.com